■ BARTHOLOMEW BRADLEY, Respondent, v DIPATERIO MANAGEMENT CORP. et al., Appellants. [913 NYS2d 244]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered September 9, 2009, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against the defendants Paul DiPaterio, Sebastiano DiPaterio, and Constantino DiPaterio.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he slipped, tripped, and fell on plywood boards placed on the ground leading to the entrance of a house owned by the defendants Paul DiPaterio, Sebastiano DiPaterio, and Constantino DiPaterio (hereinafter collectively the defendants). After a note of issue was filed, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The court, inter alia, denied the defendants' motion.

The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendants' and the plaintiff's deposition testimony, which was submitted in support of the defendants' motion, raised triable issues of fact as to whether the defendants had actual or constructive notice of the allegedly dangerous condition and, if so, a reasonable time to remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Giulini v Union Free School Dist. #1*, 70 AD3d 632, 632-633 [2010]; *Williams v Long Is. R.R.*, 29 AD3d 900 [2006]; *DeGruccio v 863 Jericho Turnpike Corp.*, 1 AD3d 472 [2003]).

Furthermore, contrary to the defendants' contention, the fact that this allegedly dangerous condition might have been open and obvious does not negate the defendants' duty to maintain their premises in a reasonably safe condition, but rather, raises an issue of fact concerning the plaintiff's comparative negligence

(*see DeGruccio v 863 Jericho Turnpike Corp.*, 1 AD3d 472 [2003]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *Chambers v Maury Povich Show*, 285 AD2d 440 [2001]; *Morgan v Genrich*, 239 AD2d 919 [1997]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.